**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

**JEREMY C. HENLEY** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 5:20-cv-P209-BJB**

**WARDEN SCOTT JORDAN** **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jeremy C. Henley, a prisoner at the Kentucky State Penitentiary (KSP), initiated this civil action. This order addresses the screening of his complaint (DN 1) as required by 28 U.S.C. § 1915A, as well as three motions to amend or supplement the complaint (DNs 9, 10, & 11). The Court dismisses the complaint and denies Plaintiff's motions to amend or supplement.

## I. SUMMARY OF FILINGS

Plaintiff initiated this lawsuit by filing a handwritten document, titled "Notice of Statutory Violation," which the Court docketed as the complaint (DN 1). This document is addressed "To whom it all may concern. United States District Court Magistrate." The document does not name a defendant.[1] The heading of the document states:

> In re: State officials violating KRS §§ 519.060 (Tampering with public record(s)); 524.040 (Intimidating a participant in a legal process); 524.050 (Tampering with a witness); 524.055 (Retaliating against a participant in the legal process); 524.100 (Tampering with physical evidence); 18 U.S.C. §§ 241 (Conspiracy against rights); 242 (Deprivation of rights under color of law) and state action violating KRS § 514.030 (Theft by unlawful taking or disposition). Retaliation for exercising a constitutional right violation of § 3 of Ky. Const. and the First Amend. (U.S. Const.) and Access to Court claim violative of § 14 of Ky. Const. and Fourteenth Amend. (U.S. Const.).

[1] The Clerk of Court inserted the name of KSP Warden Scott Jordan as Defendant as a placeholder when it opened this case.

The following paragraphs in the document contain allegations that various KSP officials denied him access to three boxes of legal materials Plaintiff has stored at KSP.  Plaintiff states that these materials are related to his various state-court criminal cases, various civil actions he has filed in state court, and a "Petition for Writ of Habeas Corpus and Emergency Application for a Temporary Restraining Order Due to COVID-19 [P]andemic."  Plaintiff indicates that he was given access to his legal materials for approximately 30 minutes on July 17, 2020, but that a "complete retrieval of the anticipatory filings had not been made due to inadequate access limited by time."  Plaintiff also alleges that his collection of over "$300 worth of LexisNexis case cites" were not timely transferred from his old cellhouse to his new cellhouse at KSP.  He states that these "case cites had been imperative in outlining his anticipatory motions."  Plaintiff indicates that because he did not have sufficient access to his legal materials, on September 22, 2020, this Court dismissed his habeas action, *Henley v. Hart*, 5:20-cv-126-TBR, because it "contained no factual or legal grounds to support a cause of action."

Plaintiff's next paragraphs concern his need for medical treatment in 2017 and the refusal of a physician to remove surgical staples from Plaintiff because he would only sign the requisite paperwork with an "X-mark."

In the next paragraphs, Plaintiff states that he has prepared four petitions for writs of habeas corpus and an emergency application for a temporary restraining order.  Nevertheless, this

> complaint that has now arisen is the nature advanced by restraint where such deficiency is systemically burdening his access to maintain the anticipatory writs as well as accessing or obtaining at bare minimum the lawful tools (i.e. an LMR had been sent to K.S.P. legal officer Tammie Hutchinson requesting in the first week of November (4) blank habeas corpus packets (2x 28 U.S.C. § 2241 and 2x 28 U.S.C. § 2254) that have been denied to no avail) necessary to challenge the access to court claims and the pre-existing (continuous) interferences that had delayed his ability to work on pending action in order viz that would overturn two unlawfully and wrongfully secured convictions … .

Plaintiff next alleges that on October 12, 2020, he asked to have certain legal materials copied for "viz. the anticipated petitions of habeas corpus, the emergency application for a temporary restraining order, coupled with several exhibits." Plaintiff states that the materials were returned to him by a KSP officer who told Plaintiff that he could not verify that Plaintiff had been "indigent" for 30 days or longer, which was required to have copies of the materials he requested sent to the Court at no cost. Plaintiff alleges that certain KSP officials were "pre-screening the petitions, sifting through over 800 pages of legal pleadings, some concerning the conditions of the conditions of confinement due to COVID-19" in violation of the Kentucky state statutes set forth in the heading of the "complaint." Plaintiff then states:

> whether or not [Plaintiff] is indigent or not – his access to the federal court in Paducah cannot be denied especially in the face of the COVID-19 pandemic and while under quarantine due the fact that he has signed (2x) cash paid out slips that if were fulfilled would put a copier lien against the P.I.D inmate account …. These K.S.P. supervisory officials knew that it had been in their authority to pre-approve the legal office to make a valid copy and then placing a copier lien against the inmate account PID account in order to pre-screen them ….

On the last page of the "complaint," Plaintiff states:

> that 1) he is now suffering (in the wake of the COVID-19 pandemic) "actual injury" by having his case pleadings "frustrated" and/or impeded, 2) in brin[g]ing the Petitions for Writs of Habeas Corpus and Emergency Application for TRO viz. non-frivolous legal claim 3) concerning his unlawful imprisonment, criminal conviction as well to the condition of his said confinement.

Finally, Plaintiff states that when he asked for certain copies to be made, a KSP official informed him that "I don't give a f—k where you send your motions to you can send them to the f—king President Donald Trump for all I care but you are not going to have your legal work copied and sent back to you until you give me a f—king address so [we] can send out your paperwork." Plaintiff states that he:

> explained that the IFP motions did not have the defendant Scott Jordans name on it nor had the pleadings been by signed by him, and that he wanted to review the 800

> plus pages copied in order to make sure each page was correctly copied for he has been given copies of legal pleadings that were copied at half pages – delaying his filings in 2016. Now K.S.P. will not return the legal pleadings no matter what.

Plaintiff concludes by stating:

> I am requesting to speak with the cooperate with U.S. Marshall for these inherent violations of 18 U.S.C. §§ 241 and 242. There is no other action that I may take other than making physical demand by non-violent protest by either hunger or food strike in or to have the original pleadings either copy or returned. I am filing this anticipatory pleading to preserve the account of my attempts to obtain emergency relief via 42 U.S.C. § 1981 under the All Writs Act.

Plaintiff also filed a twelve-page handwritten document titled "Supplemental Amendment Pleadings in Accord with Fed. R. Civ. P. et seq" (DN 9). Plaintiff states that this "supplemental amendment further addresses the case law applicable to those claims as referenced in 5:20-cv-198-TBR." The supplement makes allegations regarding the revocation of shock probation in his state-court criminal proceeding, the calculation of his sentence in his state-court criminal proceedings, his request for a transfer from KSP to another state prison, a disciplinary write-up, and the loss of good-time credits.

Plaintiff also filed another "motion for supplemental amendment of pleadings" under 42 U.S.C. §§ 1981–82, § 1985, and § 1986; and to add Defendant(s) and to remove his "petition" under 28 U.S.C. § 1448 (DN 10). He specifically states that he seeks to remove "state claim 2016-CI-51 Henley-X v. Ky. D.O.C. et al, 56th Judicial Lyon Co. Circuit Court to Federal Court." *Id.* According to Plaintiff, in that pending state-court action, he is challenging the constitutionality of a new state law that interferes with his "contract" with the Commonwealth of Kentucky, by which he seems to mean a plea agreement he entered into in one of his state-court criminal actions.

Plaintiff also filed another supplemental pleading, which consists of more than 200 single-spaced handwritten pages (DN 11). He asks to add additional facts and parties,

"raise new contentions of continuous violations" of various statutes and constitutional rights, provide "supplementing law supporting those such claims," renew his request for the appointment of counsel, and supplement his claims in another lawsuit, *Henley v. KSP Warden*, 5:20-cv-198-TBR. Supplemental Amendment of Pleadings (DN 11) at 1. While the first page of the filing lays out these ambitions, the rest of it is nearly incomprehensible.[2]

**II. LEGAL STANDARD**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, or employees, this Court must review this lawsuit under 28 U.S.C. § 1915A. Under § 1915A, the trial court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). "[T]he dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under [§ 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

[2] Plaintiff recently filed an additional letter with the Court (DN 14) regarding his allegedly missing documents and the inmate filing fee. The letter does not indicate what relief it seeks regarding the documents and fee. It begins with an unclear comment about the Court's order that he pay the inmate filing fee, and proceeds to lament the loss of a bankers box filled with documents that he had mailed to the Court. These documents apparently initiated his habeas proceeding before Judge Russell in case no. 5:20-cv-198-TBR. Judge Russell has already addressed this concern in a memorandum and order (DN 21) entered in that case on June 1, 2021.

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "[T]his standard of review," however, "does require more than the bare assertion of legal conclusions." *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). Courts' forgiving approach to pro se pleadings "does not require [them] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). Otherwise courts would have "to explore exhaustively all potential claims of a *pro se* plaintiff, [which] would also transform the district court from its legitimate adversarial role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. SCREENING AND ADJUDICATION OF PLAINTIFF'S FILINGS

### A. "Notice of Statutory Violation" (DN 1 – Complaint)

#### 1. Constitutional claims

Although Plaintiff does not specifically assert claims under § 1983, that statute governs his constitutional claims. *See Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987) (§ 1983 provides exclusive remedy for constitutional claims brought against state and local officials and local units of government), *vacated on other grounds*, 488 U.S. 1036 (1989). "Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established

elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983: "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

**a. Denial of Access to the Courts**

The primary focus of the complaint seems to be Plaintiff's apparent claim that KSP officials have denied him access to the courts. Although Plaintiff's allegations are hard to follow, the Court—consistent with its duty under § 1915A—attempts to identify any potentially "cognizable claims" set forth in the pleadings and analyze those claims under the relevant law.

"Prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a claim for interference with access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999). In other words, a plaintiff must plead and demonstrate that the alleged shortcomings in the prison legal materials or legal assistance program have hindered, or are presently hindering, efforts to pursue a non-frivolous legal claim. *Lewis*, 518 U.S. at 351–53; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (prejudice or actual injury can be established by showing that challenged conduct resulted in "the late filing of a court document or the dismissal of an otherwise meritorious claim"). Courts have protected the right of access to the courts by "prohibiting state prison officials from actively interfering with inmates' attempts to prepare legal documents … or file them;" they have also

"requir[ed] state courts to waive filing fees … or transcript fees … for indigent inmates." *Lewis*, 518 U.S. at 350.

In addition to pleading actual injury, "the underlying cause of action … must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 & n.3). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id*. at 416. An inmate must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Lewis*, 518 U.S. at 353.

Although Plaintiff lists several state court criminal and civil actions, and mentions other "anticipatory filings" which he alleges have been affected by the alleged actions of certain KSP officials, he discusses only two actions with sufficient particularity to potentially satisfy "the actual injury" element of his claims. First, Plaintiff indicates that he needed access to his boxes of legal materials and LexisNexis case cit[ations]e so that he could file a "Petition for Writ of Habeas Corpus and Emergency Application for a Temporary Restraining Order Due to COVID-19." Complaint at 2. But Plaintiff did file a habeas petition under 28 U.S.C. § 2241 regarding his conditions of confinement at KSP due to COVID-19. *See Henley v. KSP Warden*, 5:20-cv-198-TBR. That case is pending before this Court. Thus, although Petitioner seems to claim that his filing of that petition was "frustrated and/or impeded" by KSP officials, he has not shown actual injury because he has not shown a "lost remedy" or otherwise described how his access to legal materials limited the efficacy of the lawsuit he filed.

Plaintiff describes one other specific case that the KSP officials' actions allegedly affected—*Henley v. Hart*, 5:20-cv-126-TBR. That complaint, filed by Plaintiff on July 29, 2020, stated:

> In Re: Application to proceed w/out pre-payment of fees and six month financial affidavit per 28 U.S.C. § 1914(a) names of parties in action for the Emergency Application for a Temporary Restraining Order per Fed. R. Civ. P. 65 et seq. Petition for Writ of Habeas Corpus per 28 U.S.C. § 2241 et seq. and Complaint for Declaratory and Injunctive relief per Fed. R. Civ. P. 57 et seq.
>
> Upon accordance to both State and Federal Constitutions this action will be brought to enjoin the Defendant's from further violating Constitutional provisions as those set forth within the gravamen of the Plaintiff's Emergency Applications, such as and/or is continuously having caused irreparable injury.  This Plaintiff is demanding judgment enjoining acts and/or practices enforcing compliance with the provisions of both State and Federal law and thus restraining the foregoing Defendants, their agents, servants, employees, attorneys, and all person of interest in active concert and/or participation with Defendant parties as listed below in said accordance with Fed. R. Civ. P. Rules 10 and 17 et. seq.

*Id*. (DN 1, Compl.).[3] The Court dismissed that case on September 22, 2020, under Federal Rule of Civil Procedure 8(a), because Plaintiff had failed to "describe any specific action taken against him; how any of the multitude of Defendants named actually harmed, or what constitutional provisions or laws he claims were violated." *Id*. (DN 7, Memo. Op.). Now Plaintiff's lawsuit, charitably read, might be construed to complain that a lack of legal materials contributed to that dismissal. Although Plaintiff's legal analysis may have suffered from the loss of his "case cites," at the pleading stage this should not have compromised his ability to recite facts describing KSP's alleged violations. Plaintiff has not offered information here regarding the merits of his underlying case. Nor has Plaintiff offered any description of how the alleged legal violations by KSP allegedly caused his dismissal (which allows him a chance to re-file in any case). So the

---

[3] A court may take judicial notice of its own records. *Graminex, L.L.C. v. Aktiebolaget Cernelle*, 451 F. Supp. 3d 732, 738 (E.D. Mich. 2020) (citing Fed. R. Evid. 201(b)(2); *United States v. Doss*, 563 F.2d 265, 269 n. 2 (6th Cir. 1977)).

Court is unable to determine whether Plaintiff's new suit about his old suit "pursue[s] a nonfrivolous legal claim." *Lewis*, 518 U.S. at 343. Plaintiff's claim regarding this dismissed action therefore fails because he has not provided sufficient information for the Court to assess the merit of the underlying action.

For these reasons, the Court will dismiss Plaintiff's claim for denial of access to the courts for failure to state a claim upon which relief may be granted.

**b. Retaliation Claim**

As observed above, Plaintiff also seeks to bring a retaliation claim. This claim seems to rest on his allegation that, in 2017, a Correct Care Solution's physician refused to remove surgical staples from Plaintiff because Plaintiff would only sign a consent and waiver of liability form with an "X-mark."

The statute of limitations for § 1983 actions is governed by the limitations period for personal-injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although state law establishes the statute of limitations for § 1983 actions, federal law determines when the statute of limitations begins to run. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). It accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint. *Ruiz-Bueno v. Maxim HealthCare Servs.*, 659 F. App'x 830, 833–34 (6th Cir. 2016) ("[T]he statute-of-limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred.") (citing *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007)); *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001)). When the face of the complaint shows that an

action is time-barred, the case may be dismissed summarily upon initial screening. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

Here, Plaintiff alleges that he learned of the physician's refusal to remove his staples due to Plaintiff's use of the "X-mark" as his signature in 2017. Plaintiff did not file this case until December 2020. Plaintiff's retaliation claim is therefore barred by the statute of limitations and the Court dismisses the claim.

**2. State and Federal Criminal Statutes**

The Court next addresses the state and federal statutes that Plaintiff lists in the first paragraph of the complaint. The state statutes—Ky. Rev. Stat. §§ 514.030, 519.060, 524.040, 524.050, 524.055, and 524.100—are part of Kentucky Penal Code. The federal statutes—18 U.S.C. §§ 241 and 242—concern federal crimes and criminal procedure.

"[A]s a private citizen, [Plaintiff] has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts." *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004). To the extent that Plaintiff is asking the Court to initiate criminal charges against various KSP officials under these statutes, the "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Tunne v. U.S. Postal Service*, No. 5:08-cv-189, 2010 U.S. Dist. LEXIS 4732, at *1 (W.D. Ky. Jan. 21, 2010) (quoting *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986)); *see also Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) ("In our system … the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor's] discretion."). In addition, the Sixth Circuit has specifically held that 18 U.S.C. §§ 241 and 242, which pertain to the criminal violation of civil rights, do not create a private cause of action. *United States v. Oguaju*, 6 F. App'x 579, 581 (6th Cir. 2003).

Thus, the Court will dismiss any claims brought under these statutes for failure to state a claim upon which relief may be granted.

**3. 42 U.S.C. § 1981**

In the last paragraph of the complaint, Plaintiff cites 42 U.S.C. § 1981, which provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). This statute "prohibits racial discrimination in the making and enforcement of private contracts." *Runyon v. McCrary*, 427 U.S. 160, 168 (1976). Plaintiff fails to allege any discrimination based upon race. Therefore, Plaintiff fails to state a claim under this statute.

**4. The All Writs Act**

Plaintiff also refers to the All Writs Act, 28 U.S.C. § 1651. Under this statute, federal courts may issue all writs in aid of their respective jurisdictions, including writs in the nature of mandamus. *Haggard v. Tennessee*, 421 F.2d 1384, 1385 (6th Cir. 1970). "A writ of mandamus is an extraordinary remedy, and is intended to provide a remedy only if the plaintiff has exhausted all other avenues of relief and the defendant owes the plaintiff a clear nondiscretionary duty." *Willis v. Sullivan*, 931 F.2d 390, 395 (6th Cir. 1991) (citing *Heckler v. Ringer*, 466 U.S. 602, 616–17 (1984)).

The All Writs Act provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. The All Writs Act is not an independent grant of jurisdiction to a court, but permits the issuance of writs in aid of the jurisdiction which a court independently possesses. *Syngenta Crop Protection, Inc. v. Henson*,

537 U.S. 28, 33 (2002); *Tropf v. Fidelity Nat'l Title Ins., Co.*, 289 F.3d 929, 943 (6th Cir. 2002) (holding that federal courts must have an independent basis for subject matter jurisdiction in order to issue a writ under § 1651). "It is settled that a federal court has no general jurisdiction to issue writs of mandamus where that is the only relief sought." *Haggard*, 421 F.2d at 1386.

Mandamus is a drastic remedy to be invoked only in extraordinary situations where the petitioner can show a clear and indisputable right to the relief sought. *Kerr v. U.S. District Court*, 426 U.S. 394, 402-03 (1976); *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 491 (6th Cir. 2011). To qualify for mandamus relief, a plaintiff must demonstrate that (1) he has a clear right to relief; (2) the defendant has a clear, non-discretionary duty to act; and (3) there is no other adequate remedy available. *Heckler*, 466 U.S. at 616-17; *Carson*, 633 F.3d at 491. The complaint does not state the remedy Henley seeks under the All Writs Act, whom he seeks the remedy from or against, and the basis for any judicial action. Certainly Plaintiff has not established any of the elements necessary to qualify for mandamus relief. Thus, the Court will also dismiss this claim for failure to state a claim upon which relief may be granted.

**B. "Supplemental Amended Pleadings" (DN 9 – Motion to Amend)**

The Court construes Plaintiff's "Supplemental Amendment Pleadings in Accord with Fed. R. Civ. P. 15 et seq" as a motion to supplement the pleadings (DN 9). In each of Henley's supplemental filings, he lists the Plaintiff as the "Illuminati by and through Jeremy Chaplin Henley-X." First Supplemental Amendment Pleadings (DN 9) at 1. Plaintiff states that he has filed this first pleading so that the Court:

> may decisively determine whether a Kentucky state prisoner who had been confined by the [Kentucky Department of Corrections] to [KSP] … as reposed therein can prevail on post-classification and or contractual suspensions, revocations, allocations of awards, conditional acceptances, and or compromised agreements and or stipulations concerning voluntary behavior modifications, therefore designed to assist a person with transition from [KSP] Administrative

> Control Status … disciplinary and or other KSP Restricted (Custody) Housing Unit status to placement back into the general population of KSP pending transfer … .

Plaintiff states that the supplement "is not intended to replace the original 42 U.S.C. § 1982 - 5:20-cv-209-BJB original complaint … [but that] the purpose of this supplement is to add additional facts and parties to the complaint as well as law supporting those claims and or any other claim that, by their obvious nature, cannot be disputed by the record." (DN 9) at 1.

Plaintiff indicates that the filing shows that his rights were violated under "42 U.S.C. §§ 1981–82; § 1985; § 1985 and U.S.C. § 241 and 242 … as well as the First, Fourth, Fifth, Sixth, Eighth, Thirteenth … and Fourteenth Amendment … ."

The supplement then makes allegations regarding the revocation of shock probation in his state-court criminal proceeding, the calculation of his sentence in his state-court criminal proceedings, his request for a transfer from KSP to another state prison, a disciplinary write-up, and the loss of good-time credits.

The Court first notes that Plaintiff's motion is more properly characterized as a motion for leave to amend the complaint under Fed. R. Civ. P. 15(a) than a motion to supplement. Under certain circumstances, Rule 15(d) authorizes supplemental pleadings if they set forth "any transaction, occurrence, or event that happened *after* the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d) (emphasis added).[4] Plaintiff has not provided dates showing when the alleged shock probation happened relative to his access to the courts claim, however. And although leave to amend should be "freely given where justice so requires," Fed.

---

[4] Federal Rule of Civil Procedure 15(d) ("Supplemental Pleadings") states that:
> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

R. Civ. P. 15(a), a district court has discretion to deny a motion for leave to amend where the proposed claims are "simply not related to [the] original claims." *Hetep v. Poteet*, 27 F. App'x 308, 309 (6th Cir. 2001) (citing *Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997)).

This filing appears to deal primarily with the circumstances under which a probation or sentence should run concurrently or consecutively between state and federal proceedings, and about time-served credit regarding periods of incarceration and probation. The Court cannot discern how the assertions it sets forth relate to the allegations set forth in the complaint (DN 1), which primarily relate to Plaintiff's claim for denial of access to the courts. For this reason, the Court will deny Plaintiff's first motion to amend the complaint (DN 9). Plaintiff may of course attempt to file these separate allegations as a new lawsuit if he believes they justify a lawsuit over which this Court has jurisdiction and the ability to remedy any complained-of legal violations. Although the basis remains unclear to the Court based on the information submitted in this case.

**C. "Motion for Supplemental Amendment of Pleadings" and "Motion for Removal Petition" (DN 10 – Second Motion to Amend)[5]**

In this motion, Plaintiff states that he seeks "to amend the pleadings … to add the supplemental lists of Defendant(s) as named [and] amend the pleadings to be brought as an action by way of 42 U.S.C. §§ 1981–82; § 1985, and § 1986 … and to remove state claim 2016-CI-51 Henley-X v. Ky. D.O.C. et al 56th Judicial Lyon Circuit Court to Federal Court via 28 U.S.C. § 1443." Plaintiff states that he seeks removal of the state-court action to this Court because the state court "has continuously … denied application to convert the TRO into a preliminary injunction …." Plaintiff attaches to this motion a list of hundreds of defendants

[5] Plaintiff also included a motion for the appointment of counsel in this filing. His argument in support of appointment constitutes the largest part of the document. The Court has addressed this motion by separate order.

with no accompanying allegations (DN 10-1). The Court infers that these Defendants are, at least primarily, defendants in the state-court action Plaintiff seeks to have removed to this Court.

Section 1443 provides for the removal of certain civil actions commenced in state court to a federal court by a "*defendant*" in the state-court action. 28 U.S.C. § 1443. Because Plaintiff is ostensibly the plaintiff in the state-court action he mentions, the Court denies Plaintiff's second motion to amend and motion for removal (DN 10).

**D. "Supplemental Amendment of Pleadings" (DN 11 – Third Motion to Amend)**

Finally, Plaintiff filed a 200-page, single-spaced, handwritten "supplemental pleading" (DN 11). As above, the Court construes this filing as a motion to amend the complaint under Fed. R. Civ. P. 15(a). The filing does not appear to set forth "any transaction, occurrence, or event that happened *after* the date of the pleading to be supplemented" as required by Fed. R. Civ. P. 15(d) (emphasis added). Rather, the filing seemingly attempts to add additional facts and parties, "raise new contentions of continuous violations" of various statutes and constitutional rights, provide "supplementing law supporting those such claims," renew Plaintiff's request for the appointment of counsel, and supplement his claims in his habeas petition.

The Sixth Circuit has held that amending a complaint is appropriate "[i]n the absence of … undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Courie v. Alcoa Wheel & Forged Prods*., 577 F.3d 625, 633 (6th Cir. 2009). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to

dismiss." *Miller v. Calhoun Cty.*, 408 F.3d 803, 807 (6th Cir. 2005) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)). For the reasons described below, amending this complaint would prove futile, and the motion is denied on that basis.

The Court considers whether Henley's pleadings, if amended, could survive a motion to dismiss, which is the same as the screening Congress requires of prisoner lawsuits under § 1915A. Federal Rule of Civil Procedure 8(a) provides that:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Similarly, Rule 8(d)(1) specifies that "[e]ach allegation must be simple, concise, and direct." This rule serves the judicial interest in fair notice. A plaintiff must present the complaint in an intelligible manner so that a court or opposing party can "understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775 (7th Cir. 1994). A complaint that is "prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation." *Id.* at 775–76. "When faced with voluminous pleadings, neither the Court nor opposing counsel should be required to expend time and effort searching through large masses of conclusory, argumentative, evidentiary and other extraneous allegations in order to discovery whether the essentials of claims asserted can be found in such a melange." *Sevier v. Apple, Inc.*, No. 3:13-0607, 2015 WL 4873122, at *8 (M.D. Tenn. Aug. 13, 2015), *aff'd* (Sept. 6, 2016).

Courts readily dismiss pleadings that do not conform to the Rule 8 pleading standards. *Collier v. First Michigan Co-op. Hous. Ass'n*, 274 F.2d 467, 469 (6th Cir. 1960) (granting a

motion to dismiss pleadings that did not conform to Rule 8); *Morales v. New York*, 22 F. Supp. 3d 256, 265 (S.D.N.Y. 2014) (granting a motion to dismiss "[p]laintiff's lengthy submissions" that were "largely rambling, conclusory, or incoherent"); *Brown v. Knoxville News-Sentinel*, 41 F.R.D. 283, 284 (E.D. Tenn. 1966) (dismissing a "verbose, confused, scurrilous and redundant" complaint that violated Rule 8(a) and (e)). A court is not obligated to "stitch together cognizable claims for relief from [a] wholly deficient pleading" filed by a party. *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007); *see also Plymale v. Freeman*, No. 90-2202, 1991 U.S. App. LEXIS 6996, at *2 (6th Cir. 1991) (affirming district court's dismissal of 119-page "rambling complaint"). The difficulty in deciphering lengthy pleadings filed by parties representing themselves is, in part, why the Court makes available forms that help plaintiffs specify their allegations and claims in a concise manner. *See Smith v. City of Chattanooga*, No. 1:10-CV-206, 2010 WL 5257238, at *2 (E.D. Tenn. Dec. 17, 2010) (instructing a plaintiff to refile his "incomprehensible" and "disorganized" complaint on the form complaint).

Plaintiff's filing, which exceeds 200 pages, is unorganized, verbose, and nearly incomprehensible. The Court is unable to find any portion of the filing that simply, concisely, or directly sets forth the precise nature of Plaintiff's claims. Even if the Court were to allow Plaintiff leave to amend, the Court would be required to screen the amended pleadings under 28 U.S.C. § 1915A and § 1915(e). "28 U.S.C. § 1915(e)(2) provides that the Court must dismiss a case at any time if the Court determines that it is frivolous or fails to state a claim upon which relief can be granted." *City of Chattanooga*, 2010 WL 5257238, at *2. Because the Court is unable to decipher Plaintiff's amended pleadings, it would be unable to screen them, and therefore denies leave to amend on the basis that the pleadings would not survive a motion to dismiss. Thus, the Court denies Plaintiff's third motion for leave to amend the complaint

(DN 11) as futile because it fails to comply with the Rule 8 notice-pleading standards and does not state a claim for relief that would survive the Rule 12 dismissal review required by Congress under § 1915A.

**IV.**

For the foregoing reasons, the Court **DISMISSES** Plaintiff's complaint under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.[6]

In addition, the Court **DENIES** Plaintiff's three motions to amend or supplement the complaint (DNs 9, 10, & 11).

The Court will enter a separate Order of dismissal.

Date: June 4, 2021

Benjamin Beaton, District Judge
United States District Court

cc: Plaintiff, *pro se*
Defendant
B213.011

[6] In this Court's view, which is not binding, Plaintiff's suit and its dismissal qualify as an action described in 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 352–53 (6th Cir. 2021).